**Robert S. Iles and Robert D. Martin, Defendants in Error, v. Julius Heidenreich et al. Julius Heidenreich, Plaintiff in Error.**

**Michael Zimmer, Sheriff, Defendant in Error, v. Robert S. Iles et al. Julius Heidenreich, Plaintiff in Error.**

**Gen. No. 22,554. (Not to be reported in full.)**

Error to the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed November 14, 1916.

## Statement of the Case.

Creditor's bill by Robert S. Iles and Robert D. Martin, complainants, against Julius Heidenreich, Ida M. Heidenreich and Michael Zimmer, sheriff of Cook county, defendants, in the Superior Court of Cook

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

county, to reach a master's certificate of sale in foreclosure proceedings, alleged to have been transferred by defendant Julius Heidenreich, a judgment debtor of complainants, to defendant Ida Heidenreich, in fraud of plaintiffs; cross-bill by defendant Zimmer, as sheriff of Cook county, in the nature of interpleader, against complainants Iles and Martin, and defendants Heidenreich, to determine the title to a fund in his hands as sheriff, being money paid to him in redemption of the certificate in question. This case was consolidated with cases No. 21,708, 201 Ill. App. 619, and 21,709, *ante,* p. 1, which were appeals by Ida Heidenreich from a decree on an amended creditor's bill and a separate decree on a cross and supplemental bill of interpleader, respectively. To reverse a decree on the bill setting aside the transfer of the certificate, and a separate decree on the cross-bill, granting the interpleader and ordering the fund paid to the clerk, and that cross complainant be discharged from further liability, defendant Julius Heidenreich prosecutes a single writ of error.

FARLAN H. BALL and G. A. BURESH, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. CREDITORS' SUIT, § 48*—*when bill insufficient.* On a creditor's bill to reach a master's certificate of sale in foreclosure proceedings, alleged to have been conveyed by a judgment debtor of plaintiffs, in fraud of plaintiffs, a decree granting the prayer of the bill and setting aside the transfer of the certificate, *held* erroneous for want of sufficient allegations to sustain the decree, on the authority of *Iles v. Heidenreich,* No. 21,708, 201 Ill. App. 619.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. INTERPLEADER, § 18*—*when decree on cross-bill of is erroneous.*
On a creditor's bill to reach a master's certificate of sale in fore-
closure proceedings, alleged to have been conveyed by a judgment
debtor of plaintiffs, in fraud of plaintiffs, where the sheriff to whom
money had been paid in redemption of the land from the certificate
filed a cross-bill of interpleader to determine the title to the fund,
a separate decree on the cross-bill granting the prayer of the cross-
bill and ordering the fund paid to the clerk of court and cross com-
plainant discharged from further liability, *held* erroneous for want
of an order to cross defendants to interplead, on the authority of
*Zimmer v. Iles,* No. 21,709, *ante,* p. 1.

3. APPEAL AND ERROR, § 384*—*when separate decrees on bill and
cross-bill of interpleader treated as made in same cause.* Although
where separate decrees are rendered on a bill and cross-bill, it is
anomalous to combine the objections to both decrees in one writ of
error, yet where the point was not raised in the trial court the
decrees will be treated on review as made in the same cause.